## BERNARD B. BOECKER

*v.*

## THE CITY OF NAPERVILLE.

*Filed at Ottawa April 3, 1897.*

1. INSTRUCTIONS—*effect of agreement that erroneous instruction may be given.* The giving, by agreement of both parties, of an instruction containing an erroneous statement, precludes either party from complaining of an instruction given for the other which is liable to the same objection.

2. EMINENT DOMAIN—*when verdict awarding nominal damages for leasehold will be sustained.* A verdict awarding but nominal damages for a leasehold interest in land taken by condemnation will not be disturbed on appeal, though the uncontradicted testimony of defendant placed a large value on the same, where the jury viewed the premises, and where the lease, given in evidence, was by its terms terminable on thirty days' notice by the lessor.

APPEAL from the Circuit Court of DuPage county; the Hon. C. W. UPTON, Judge, presiding.

H. H. GOODRICH, for appellant.

E. H. GARY, and JOHN H. BATTEN, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Proceedings were commenced in the circuit court of DuPage county by the city of Naperville to condemn a street across the right of way of the Chicago, Burlington and Quincy Railroad Company. Bernard B. Boecker, as appears from the record, occupied that portion of the land proposed to be taken for the street lying north of two side-tracks, under a lease from the railroad company. He had a coal shed on the land, in which he kept coal for sale. On the trial the jury awarded Boecker for the buildings on the land which were taken, $449, and one dollar for the value of the leasehold interest in the land taken. To reverse the judgment Boecker appealed.

The first error complained of in the argument is the giving of the following instruction for the petitioner:

1. "The respondent, Boecker, makes claim for compensation for the value of his improvements taken and for the value of his leasehold interest of the land taken. He is entitled to the fair cash value of the improvements at the time the petition was filed, and the value of his leasehold interest, if any, for the land taken,—that is, the value in cash, if any, which his contract with the railroad company has, so far as it affects the land on which his buildings stand."

In *Chicago and Northwestern Railway Co. v. Town of Cicero,* 154 Ill. 656, an instruction which directed the jury "that the issue in this case is as to the compensation, if any, which the petitioner should pay," was held to be erroneous, and we would hold the same way here if the record contained nothing calling for a different result. But upon an examination of the record we find the following instruction given by agreement:

2. "There can be but one recovery for the same thing or property. Therefore, if the jury believe, from the evidence, that the leasehold interest of Boecker in the land on which his coal buildings stand, and which will be taken for a street, has any value, and the same is awarded him, then it is conceded in this case that such amount so awarded must be carved out of and deducted from the amount, if anything, fixed as the total value of the land."

If the instruction complained of was objectionable, as intimating that the leasehold interest might be taken without the payment of anything for it, this instruction, given by consent of the defendant, is liable to the same objection. After consenting to the giving of the last instruction mentioned he has no just ground to complain of the other. Moreover, in instruction No. 1 on behalf of the defendant the jury were instructed that the leasehold

interest of defendant is such an interest as entitles him to some compensation, and the jury should, from the evidence, determine such compensation; and in instruction No. 3 the jury were directed that if they found, from the evidence, "that the property proposed to be taken from the defendant, Boecker, including his leasehold interest in the premises, or any part thereof, is used for any special purpose by him, and by reason of such use said property has a special value for the purposes for which it is or can be used, then defendant is entitled to recover the reasonable market value of said premises." Under these instructions the jury could not be misled by the giving of the instruction complained of.

But it is said, that the verdict of the jury is contrary to the evidence in regard to the value of the leasehold interest. Several witnesses testified, on behalf of the defendant, that the leasehold interest was worth $300 per annum, and it is said that there was no evidence offered by petitioner contradicting this testimony. The jury viewed the premises, and such facts as they learned from the view they were at liberty to consider in connection with the other evidence. In addition to the view the lease was put in evidence, and it appears from its terms that it was terminable at the pleasure of the railroad company, on thirty days' notice. Where a lease may be terminated, as was the case here, at the will of the lessor, a jury could not be expected to place more than a nominal value on the leasehold interest.

Under all the facts appearing in evidence we perceive no valid reason for disturbing the judgment of the circuit court. It will therefore, as to appellant, Bernard B. Boecker, be affirmed.           *Judgment affirmed.*